IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| JERRY S. SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 2:13cv213-MHT |
| | ) | (WO) |
| PATRICK R. DONAHOE, | ) | |
| Postmaster General, | ) | |
| | ) | |
| Defendant. | ) | |

OPINION

In this case, plaintiff Jerry S. Smith sued defendant Patrick R. Donahoe, the United States Postmaster General, claiming retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §§ 1981a & 2000e through 2000e-17). This court has original jurisdiction over his claims under 28 U.S.C. §§ 1331 (federal question) and 1343 (civil rights), and 42 U.S.C. § 2000e-5(f)(3) (Title VII).

This cause is before the court on the Postmaster General's motion for summary judgment. Summary

judgment will be granted in favor of the Postmaster General

I. SUMMARY-JUDGMENT STANDARD

"A party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The court must view the admissible evidence in the light most favorable to the non-moving party and draw all reasonable inferences in favor of that party. <u>Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986).

II. BACKGROUND

The following are the facts in the light most favorable to Smith. Smith, a white male veteran, is

both disabled and over 40 years old.[1]  He works as a postal carrier for the United States Postal Service and also serves as the union shop steward for his branch office.  In early 2012, he filed an administrative complaint with the United States Postal Service's Equal Employment Office ("EEO") for discrimination due to his union affiliation.  His EEO complaint was dismissed and his concern was converted to an informal complaint because union affiliation is not a valid EEO factor under Postal-Service guidelines.

Smith alleges that, about two months after he filed the complaint (and one month after he was told that his EEO complaint was invalid), he began to be targeted by his supervisors for his age and disability.  He was told that he must complete work with the same speed as younger, more physically able employees; he was closely

---

  1. Smith does not specify his disability.  His EEO complaint alleges that his disability is "mental/physical."  May 31, 2012, EEO Complaint (doc. no. 13-2) at 2.

3

supervised; and he received a warning letter for failure to follow parking and driving instructions for his postal vehicle.

After a few weeks of this treatment, he threatened his supervisor, claiming that he had brought a gun to work in his car and that management had "better be careful." USPS Notice (doc. no. 13-4) at 2. Because of this threat, he was placed on emergency off-duty status and suspended without pay in April 2012, and he was ultimately removed in July for improper conduct. While he was suspended, he filed another EEO complaint with the Postal Service, alleging discrimination based on age, disability, and retaliation for his previous EEO activity, and describing his suspension and removal. He indicated on his complaint that he was a preference-eligible employee because he was a qualified veteran.

The Postal Service investigated his complaint, and, on January 7, 2013, it issued a final agency decision

4

that the evidence did not support a finding of discrimination. Smith's lawyer received this decision on January 11. The form he received notified him that Smith had presented a "mixed case," and that he was entitled to appeal to the federal government's Merit Systems Protection Board ("MSPB") within 30 days or, in the alternative, to file a judicial complaint in United States District Court within the same 30-day timeline.

Meanwhile, Smith separately engaged in arbitration with the Postal Service. On February 15, 2013--after his 30-day appeal deadline had passed--the arbitrator found in his favor; determined that he had been punished for union activities; and ordered his reinstatement. Smith returned to work. On April 4, 2013, he filed a judicial complaint alleging Title VII retaliation based on the facts described above.

## III. DISCUSSION

The Postmaster General argues that he is due summary judgment because Smith's claims are time-barred; because the discrimination he alleges is not protected by Title VII; because he failed to support his complaint with sufficient factual allegations; and because he cannot meet the "but-for" causation test required in University of Texas Southwestern Medical Center v. Nassar, 133 S. Ct. 2517 (2013). Because the court agrees that Smith's claims are time-barred, it does not reach the Postmater General's other arguments.

The Civil Service Reform Act of 1978 (CSRA), 5 U.S.C. § 1101 et seq., establishes a statutory framework for evaluating federal employee personnel actions. See Kloeckner v. Solis, 133 S. Ct. 596, 600 (2012). Pursuant to the CSRA, when an adverse personnel action taken against certain classes of federal civil servants is particularly serious--such as a removal, a long suspension, or a reduction in grade

6

or pay--the affected employee may appeal the decision to the MSPB, an "independent adjudicator of federal employment disputes." Id.; see 5 U.S.C. §§ 1204, 7512, 7701; see also Chappell v. Chao, 388 F.3d 1373, 1375 (11th Cir. 2004). When the employee complains of discrimination prohibited by another federal statute that is related to or stemming from an action that may be appealed to the MSPB, the complaint is classified as a "mixed case." See Kloeckner, 133 S.Ct. at 601 ("When an employee complains of a personnel action serious enough to appeal to the MSPB and alleges that the action was based on discrimination [prohibited by another federal statute], she is said (by pertinent regulation) to have brought a 'mixed case.'"); see also 5 U.S.C. § 7702(a)(1); 29 C.F.R. § 1614.302.

"The CSRA and regulations of the MSPB and Equal Employment Opportunity Commission (EEOC) set out special procedures to govern such a case--different from those used when the employee either challenges a

7

serious personnel action under the CSRA alone or attacks a less serious action as discriminatory." Kloeckner, 133 S.Ct. at 601; see also 5 U.S.C. §§ 7702, 7703(b)(2); 5 C.F.R. § 1201.151-157; 29 C.F.R. § 1614.301-310.  When the mixed-case regulations apply, the employee is allowed to seek another layer of administrative review before any agency decision becomes final.  The statute and regulations governing mixed cases also outline special procedures for these complaints, including filing deadlines.  See, e.g., 5 U.S.C. § 7703(b)(2); 29 C.F.R. § 1614. 310(a).

A federal employee pursuing a mixed case may proceed in several ways.  Under the route Smith pursued, the employee first files a discrimination complaint with the agency, "much as an employee challenging a personnel practice not appealable to the MSPB could do."  Kloeckner, 133 S.Ct. at 601; see 5 C.F.R. § 1201.154(a); 29 C.F.R. § 1614.302(b).  If the agency decides against the employee, he then may appeal

8

to the MSPB, or he may bypass further administrative review and sue the agency in district court.  See 5 C.F.R. § 1201.154(b); 29 C.F.R. § 1614.302(d); 29 C.F.R. § 1614.310(a).  In either case, the MSPB appeal or the civil action must be filed within 30 days of when the employee receives the agency's decision on the discrimination issue.  5 U.S.C. § 7703(b)(2); 29 C.F.R. § 1614.310(a); see also Butler v. W., 164 F.3d 634, 638 (D.C. Cir. 1999) ("Should [the employee] elect the agency EEO route, within thirty days of a final decision she can file an appeal with the MSPB or a civil discrimination action in federal district court.").

Here, as a federal civil service employee (specifically, as a veteran's preference-eligible employee of the Postal Service) who challenged discrimination on the basis of age, disability, and retaliation "related to or stemming from" adverse personnel actions that were appealable to the MSPB,

9

Smith brought a mixed-case complaint to his agency's EEO. 29 C.F.R. § 1614.302(a). As such, Smith's claim was processed and reviewed as a mixed case. When his claim was denied, he was given notice and instructions that, because he raised a mixed case, he had 30 days from receipt of that final decision to file his appeal or his civil action.

Smith did not appeal the agency's decision to the MSPB. Instead, he chose to treat his administrative appeals as exhausted, and he filed a lawsuit in federal court. But he filed too late. Specifically, he filed his judicial complaint 84 days after he received the final agency decision--well outside the 30-day window clearly set forth in the statute, the regulations, and the paperwork accompanying his final decision and notice of appeal rights. Because he filed late, his lawsuit is time-barred.

Smith attempts to save his lawsuit by reference to the 90-day statutory deadline applicable to Title VII

discrimination cases under 42 U.S.C. § 2000e-16(c). <u>See also</u> 29 C.F.R. § 1614.407.  Smith argues that this alternate deadline should govern his case because--given that arbitration resolved the adverse employment actions in his favor--he now charges the agency with only retaliation.  Put differently, Smith believes that he can now bring a pure discrimination case (for retaliation).  But Smith cannot extend his filing deadline simply by dropping his personnel-action claim (that is, the challenge to his suspension and removal).

Because Smith brought a mixed case, he was required to follow the mixed-case deadlines, and he cannot opt into the more favorable deadlines set out by the discrimination statutes.  Indeed, even the statute that governs the filing of judicial actions prohibits him from relying on the statutes of limitation set out by "other provision[s] of law."  <u>See</u> 5 U.S.C. § 7703(b)(2) ("<u>Notwithstanding any other provision of law</u>, any such case [of discrimination subject to the provisions of 5

11

U.S.C. § 7702] filed under any [relevant federal statute prohibiting discrimination] must be filed within 30 days after the date the individual filing the case received notice of the judicially reviewable action under such section 7702.") (emphasis added); see also Kloeckner v. Solis, 133 S. Ct. 596, 601 (2012) (citing statute).

In short, Smith's attempt to save his lawsuit from being time-barred by splitting his allegations fails as a matter of law. That the arbitrator decided in Smith's favor on Smith's personnel-action claim does not afford him additional time to file a discrimination claim based on a mixed-case complaint whose appeal timeline had already expired.[2] Having filed and pursued

---

2. Indeed, the arbitrator did not even make its decision in Smith's favor on the personnel-action claim until after the deadline to file in court or to appeal the agency's decision to the MSPB had long passed on either claim. Because Smith could not have known that he would win his case with the arbitrator such that only his discrimination claim would remain, the court (footnote continued)

12

a mixed-case complaint, he was obliged to follow the time limits for those complaints as set out in the statute and regulations.

The Postmaster General's motion for summary judgment will be granted. An appropriate judgment will be entered.

DONE, this the 29th day of September, 2015.

        /s/ Myron H. Thompson
    **UNITED STATES DISTRICT JUDGE**

---

does not believe that Smith even relied on the Title VII statutory deadline when he failed to file a timely appeal or lawsuit.